# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-1022-DOC (SP) | Date | May 16, 2018 |
| Title | HUGO LUA v. WARDEN | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Name a Respondent, as Time-Barred, and as Second or Successive**

On May 11, 2018, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his May 22, 2008 convictions for carjacking in San Bernardino County Superior Court, for which he was sentenced on June 23, 2008 to serve 28 years and 4 months in prison. Although the court has assigned an unnamed "Warden" as respondent for purposes of docketing this case, the petition in fact fails to name a respondent at all.

The Petition raises five grounds for relief: (1) trial counsel was ineffective for failing to move to suppress a photo identification; (2) trial counsel was ineffective in declining to request lesser included offense instructions; (3) the trial court erred in not instructing the jury on lesser included offenses; (4) trial counsel was ineffective in not cross-examining the Spanish language interpreter; and (5) petitioner was denied his right to change his plea to not guilty by reason of insanity.

This court having reviewed the Petition, it appears that the Petition is subject to dismissal for three reasons. First, the Petition fails to name a proper respondent, and therefore this court lacks jurisdiction. Second, the Petition appears to be untimely, just as petitioner's prior petition filed in this court challenging the same judgment was found to be untimely. And third, even if not untimely, it appears to be barred as a second or successive petition without the requisite Court of Appeals authorization. The court will not make a final determination regarding whether the instant federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **June 15, 2018**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## A Proper Respondent for Habeas Jurisdiction

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Although it appears petitioner is currently incarcerated at the Richard J. Donovan Correctional Facility, he does not name the warden of that institution as the respondent. Rather, petitioner has not named a respondent.

This is a defect that may be readily corrected, either by filing an amended petition naming a proper respondent, or by filing a response in which petitioner identifies the name of the proper respondent and requests the court to deem the Petition amended to name the person he identifies as the respondent. *See* Fed. R. Civ. P. 15. But as discussed below, the Petition also suffers from other defects.

## AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

In this case, it appears the judgment became final on May 13, 2009, 40 days after the California Court of Appeal affirmed his conviction, since petitioner did not file a petition for review in the California Supreme Court. *See* Petition at 3; Cal. R. Ct. 8.366(b)(1), 8.500(e)(1). Accordingly, the AEDPA limitation period expired one year later, on May 13, 2010. Petitioner states he did not file his first state habeas petition until December 7, 2012, more than two years after the limitation period ended. *See* Petition at 3. Consequently, petitioner is not entitled to statutory tolling. *See Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (petitioner not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended").

Indeed, in case number ED CV 13-461-DOC (JCG), petitioner filed a previous habeas petition in this court, challenging the same judgment he challenges in the instant Petition. In that case, the court found that the AEDPA limitations period expired on May 13, 2010, making even that previous federal habeas petition filed more than five years ago untimely. Because the same limitations period applies in this case, the instant Petition filed on May 11, 2018 appears to be untimely by almost eight years. As such, the Petition is subject to dismissal as time-barred.

## **Second or Successive Petitions**

As just noted, in case number ED CV 13-461, this court dismissed with prejudice petitioner's prior petitioner challenging the same judgment challenged in this case because the prior petition was untimely. A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:
    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii)    the facts underlying the claim, if proven and viewed in light of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-1022-DOC (SP) | Date | May 16, 2018 |
| Title | HUGO LUA v. WARDEN | | |

evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). If the petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In his Petition, petitioner makes no showing that the claim he raises meets either of the exceptions in § 2244(b)(2). He cites no new rule of constitutional law, and it is apparent that the factual predicate of all of his claims were known at the time of his trial since they all concern events or omissions that occurred in petitioner's presence before or during trial.

Moreover, even if petitioner's claim falls under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A). Accordingly, at a minimum, the Petition appears barred by § 2244(b)(3).

## **Petitioner's Options**

If petitioner contends that: (1) he has named a proper respondent, or asks the court to deem the Petition amended to name a proper respondent; (2) his Petition is timely under AEDPA; and (3) his claim meets one of the exceptions in 28 U.S.C. § 2244(b)(2), and he has obtained permission from the Ninth Circuit to file a successive petition as required by § 2244(b)(3)(A), he should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **June 15, 2018**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in a subsequent

habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **June 15, 2018**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed for lack of jurisdiction, as time-barred, as impermissibly successive, for failure to prosecute, and/or for failure to obey court orders.**