# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

HUGO LUA,

    Petitioner,

       v.

WARDEN,

    Respondent.

Case No. ED CV 18-1022-DOC (SP)

MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION

## I.
## INTRODUCTION

On May 11, 2018, petitioner Hugo Lua, a California state prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). The Petition challenges petitioner's May 22, 2008 conviction for carjacking in San Bernardino County Superior Court. The Petition failed to name a respondent.

The Petition raises five grounds for relief: (1) trial counsel was ineffective for failing to move to suppress a photo identification; (2) trial counsel was ineffective in declining to request lesser included offense instructions; (3) the trial court erred in not instructing the jury on lesser included offenses; (4) trial counsel was ineffective in not cross-examining the Spanish language interpreter; and (5)

petitioner was denied his right to change his plea to not guilty by reason of insanity.

Petitioner previously filed a habeas petition in this Court on March 12, 2013, in case number ED CV 13-461-DOC (JCG), challenging the same carjacking conviction he seeks to challenge in the instant Petition. Although there are differences, the petition in case number ED CV 13-461 also raised a claim that trial counsel was ineffective for failing to move to suppress the photo identification. The Court dismissed the petition with prejudice on May 14, 2013 at untimely.

In this case on May 16, 2018, the Court ordered petitioner to show cause ("OSC") why the Petition should not be dismissed for failure to name a respondent, as time-barred, and as second or successive. Petitioner responded in two ways.

First, on May 17, 2018, petitioner filed a third habeas petition, one identical to the instant Petition except that it named a respondent, in this Court in case number ED CV 18-1065-DMG (JC). The Court dismissed that petition without prejudice on June 1, 2018 for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.

Second, petitioner responded to the Court's OSC in this case on June 29, 2018, requesting leave to amend the Petition by adding respondent's name. That request is granted, and therefore the Petition is now deemed to name a respondent. But that solves only one of the problems raised in the Court's OSC. Petitioner fails to address the other two issues raised in the OSC. As such, this action will be dismissed with prejudice as time-barred and successive.

//
//

## II.
## DISCUSSION

2

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because it presents a claim already adjudicated by this Court in the prior petition in case number ED CV 13-461, because it is impermissibly successive, and because, like the petition in the earlier case, it is untimely.

The law with respect to petitioner's claim that trial counsel was ineffective for failing to move to suppress a photo identification allows for no discretion. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The Supreme Court has specifically stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)). As discussed above, one of the claims petitioner presents in the instant Petition is identical to one of the claims petitioner presented in his earlier petition in case number ED CV 13-461. As such, § 2244(b)(1) requires dismissal of this claim raised in the instant Petition, which was already raised and rejected by this Court as untimely in petitioner's prior § 2254 petition.

That petitioner's four other claims appear to be new does not save them, since even with those new claims petitioner is still challenging the same conviction challenged in his earlier habeas case in this Court, which this Court dismissed as untimely. A prior petition dismissed for failure to comply with the statute of

limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). If petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In his Petition, petitioner makes no showing that the claims he raises meet either of the exceptions in § 2244(b)(2). He cites no new rule of constitutional law, and it is apparent that the factual predicate of the claims was known at the time of his trial since they all concern events or omissions that occurred in petitioner's

presence before or during trial. Moreover, even if petitioner's claims fall under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication that petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A). Accordingly, all five of the claims in the instant Petition, including the new four claims, are barred by § 2244(b)(3).

Finally, even if petitioner had obtained permission from the Ninth Circuit to file a successive petition, the instant Petition would still be time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

The petition that petitioner filed in case number ED CV 13-461 challenged the same judgment from 2008 that petitioner challenges in the instant Petition. In the earlier case, the Court found that the AEDPA limitations period expired on May 13, 2010 and petitioner was not entitled to statutory or equitable tolling. Because the same limitations period applies in this case, the instant Petition filed on May 11, 2018 is untimely by nearly eight years.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that: (1) petitioner's request to amend the

Petition to name a respondent (docket no. 5) is granted; and (2) Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: July 18, 2018

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE